UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SANDRA L. CANNATA, <br><br> Plaintiff, <br><br> v. <br><br> ARSTRAT, LLC., <br><br> Defendant. | CIVIL ACTION <br><br> COMPLAINT 4:19-cv-02272 <br><br> JURY TRIAL DEMANDED |

# COMPLAINT

**NOW COMES**, Sandra L. Cannata ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of the Defendant, ARstrat, LLC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in, and is located in, the Southern District of Texas.

1

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

5. Defendant is a collection agency with its principle office located at 14141 Southwest Freeway, Suite 300, Sugarland, Texas 77478.

6. The principal purpose of Defendant's business is the collection of consumer debts. Defendant collects or attempts to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and telephone.

## BANKRUPTCY CASE

1. On December 12, 2016, Plaintiff visited Northridge Hospital Medical Center ("creditor"). The visit cost Plaintiff approximately $2,621.00 ("subject debt").

2. Sometime thereafter, Plaintiff defaulted on the subject debt, as she was going through financial hardship.

3. On April 30, 2019, Plaintiff filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Central District of California, Case Number 19-15072 ("bankruptcy"), invoking the protections of the automatic stay pursuant to 11 U.S.C. § 362.

4. Plaintiff's bankruptcy petition listed Northridge Hospital Medical Center as a creditor.

5. Creditor was served with the Notice of Bankruptcy in Plaintiff's bankruptcy case.

6. Around June 2019, Defendant acquired the subject debt from the creditor in order to collect the subject debt from Plaintiff personally.

7. On June 17, 2019, Defendant sent Plaintiff a dunning letter attempting to collect on the subject debt, during the automatic stay period. See attached Exhibit A, a true and correct copy of Defendant's dunning letter sent to Plaintiff on June 17, 2019.

8. Section 362(a)(6), commonly known as the automatic stay provision, prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6).

9. "The automatic stay invoked by the filing of a bankruptcy petition protects a debtor from creditors' attempts to collect pre-petition debts. The automatic stay is designed to give Debtor breathing space so that they may reorder their affairs." *In re Robinson*, 228 B.R. 75, 80. (Bankr.E.D.N.Y.1998).

10. "As one of the fundamental debtor protections provided by bankruptcy laws, the automatic stay is intended to stop virtually all debt collection efforts, including efforts to take possession of collateral." *In re Bishop*, 296 B.R. 890, 894 (Bankr.S.D.Ga.2003).

**DEFENDANT'S PROHIBITED COLLECTION ACTIVITIES**

11. The automatic stay commenced on April 30, 2019, by virtue of the Plaintiff's bankruptcy filing under section 11 U.S.C. §362.

12. Despite having notice and actual knowledge of the automatic stay, Defendant failed to cease collection efforts as exhibited by Defendant's June 17, 2019, dunning letter sent to Plaintiff's home.[1]

13. In the letter, Defendant lists an amount due, a statement date, and possible payment methods, Most notably, a payment coupon was attached to the letter.

14. Defendant willfully violated the automatic stay when it continued its collection efforts.

15. Defendant's collection efforts were highly confusing and upsetting to Plaintiff as she was led to believe that her bankruptcy had no legal effect and that she was still personally liable and

---

[1] Plaintiff's bankruptcy is easily accessible as it is public record. Upon information and belief, Defendant's loan boarding documents will reveal that Defendant had actual knowledge of Plaintiff's Chapter 7 bankruptcy filing and subsequent discharge.

obligated to pay on the subject debt; which was the driving force in her decision to seek bankruptcy protection.

### DAMAGES CAUSED BY DEFENDANT'S COLLECTION EFFORTS

16. All of Defendant's collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing.

17. Despite having actual knowledge of Plaintiff's bankruptcy filing, Defendant brazenly sent a collection letter to Plaintiff in an attempt to collect on the subject debt.

18. Concerned about the violations of her rights and protections afforded by her Chapter 7 bankruptcy filing, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts finally cease.

19. Plaintiff has expended time consulting with her attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

20. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt and suffered emotional distress and mental anguish as Defendant's collection activities led her to believe that she was still liable on the subject debt.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. The Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

23. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

24. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail to collect allegedly delinquent consumer accounts.

25. Defendant is a "debt collector" because it acquired the right to collect or attempt to collect on the subject debt after it was in default. 15 U.S.C. §1692a(6).

26. Defendant's collection communications to Plaintiff were made in connection with the collection of a debt.

27. Section 362(a)(6), commonly known as the automatic stay provision, prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6).

28. Defendant violated 15 U.S.C. §1692 e, e(2), e(10), f, and f(1) through its efforts to collect a debt in a Chapter 7 bankruptcy.

    a. **Violations of FDCPA § 1692e**

29. Defendant violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment of the subject debt because it was included in Plaintiff's Chapter 7 bankruptcy. Specifically, Plaintiff did not have any legal or personal obligation to pay Defendant during the automatic stay period.

30. Defendant had actual knowledge that the subject debt was included in Plaintiff's Chapter 7 bankruptcy from its predecessor creditor. Thus, Defendant had actual knowledge of Plaintiff's bankruptcy when it on-boarded the subject debt from its predecessor.

31. Defendant attempted to coerce and dragoon Plaintiff into paying a debt that was not legally owed by sending Plaintiff a collection letter after Plaintiff's bankruptcy filing.

32. Defendant violated §1692e(10) when it used false representations and deceptive means to collect or attempt to collect the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of Plaintiff's bankruptcy filing.

### b. Violations of FDCPA § 1692f

33. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the automatic stay injunction. Plaintiff did not have any legal obligation to pay Defendant after Plaintiff's bankruptcy filing on April 30, 2019. Instead, Defendant tried to dragoon Plaintiff into making a payment by trying to convince her that the subject debt must be satisfied immediately.

34. Defendant violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law as the automatic stay injunction precludes collection of such debt. Specifically, Plaintiff did not have any legal obligation to pay Defendant after Plaintiff's Chapter 7 Bankruptcy filing.

35. As pled above, Plaintiff was severely harmed by Defendant's conduct.

36. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt included in bankruptcy.

37. Defendant knew or should have known that Plaintiff's debt was uncollectable as a matter of law.

38. Upon information and belief, Defendant systematically attempts to collect debts that are within the automatic stay period.

**WHEREFORE**, Plaintiff SANDRA L. CANNATA respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Enjoin Defendant from further sending Plaintiff anymore collection letters;

c. Award the Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

d. Award the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: June 25, 2019                                                    Respectfully Submitted,

/s/ Alexander J. Taylor
/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Alexander J. Taylor, Esq.
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
ataylor@sulaimanlaw.com
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com